UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE IVANOWSKI,<br><br>    Plaintiff,<br><br>    v.<br><br>VIV AUTO PILOT, CLEANSKY ENERGY A/K/A TITAN GAS LLC, VIVIANA ENERGY, GLORIA GLAUDIN, and TITAN ENERGY – NEW ENGLAND INC.,<br><br>    Defendants. | Civ. No.: 4:25-cv-40114-MRG |

## MEMORANDUM AND ORDER

**GUZMAN, J.**

Plaintiff Elaine Ivanowski brings this action *pro se* against Defendants CleanSky Energy a/k/a Titan Gas LLC ("CleanSky"), Viv Auto Pilot, Viviana Energy, Titan Energy – New England Inc. ("Titan Energy"), and Gloria Glaudin (collectively, "Defendants") alleging various state and federal law violations stemming from the allegedly "unauthorized enrollment [of Plaintiff] into utility programs." [ECF 1-1 at 3]. The Complaint, originally filed in Worcester Superior Court, was removed to this Court on August 15, 2025. [ECF No. 1].

### I. PENDING MOTIONS

Several motions are pending before the Court, including:[1]

---

[1] The Court is mindful that Defendants Titan Energy and CleanSky have filed motions to dismiss. [ECF Nos. 8, 17]. Prior to ruling on those motions, the Court will provide Plaintiff—proceeding *pro se*—with the opportunity to file a

1

| ECF No. | Motion | Filing Date |
|---|---|---|
| 23 | Plaintiff's Motion for Leave to Amend Complaint | October 17, 2025 |
| 25 | Plaintiff's Motion for Leave to Amend Complaint | October 29, 2025 |
| 27 | Defendant CleanSky's Motion to Strike | November 17, 2025 |
| 31 | Plaintiff's Request for Production of Documents | December 3, 2025 |
| 33 | Plaintiff's Motion for Leave to Amend | December 3, 2025 |
| 37 | Defendant CleanSky's Motion to Strike | December 17, 2025 |
| 40 | Plaintiff's Motion for Leave to File Electronically | December 19, 2025 |
| 41 | Plaintiff's Motion for Discovery | December 22, 2025 |
| 44 | Plaintiff's Motion for Hearing | December 29, 2025. |

With the goal of achieving "the orderly and expeditious disposition of [this] case" and the preservation of the Court's limited judicial resources—without compromising the leniency *pro se* litigants are accorded—the Court addresses these motions and related filings today. In re Petition for Order Directing Release of Records, 27 F.4th 84, 89 (1st Cir. 2022); see In re McDonald, 489 U.S. 180, 184 (1989) ("A part of the Court's responsibility is to see that [its] resources are allocated in a way that promotes the interests of justice.").

A. **Defendant CleanSky's Motion to Strike [ECF No. 27]**

On November 17, 2025, pursuant to Federal Rule of Civil Procedure 12(f), Defendant CleanSky filed a Motion to Strike Plaintiff's supplemental "Exhibit,"[2] arguing that the filing "is procedurally improper, consists of a variety of documents clearly generated only by artificial intelligence . . . , prejudices CleanSky by making vague reference to alleged 'fraud,' and contains a litany of redundant, immaterial and impertinent content." [ECF No. 28 at 1]. The Court

---

procedurally proper motion for leave to amend the Complaint, in accordance with the directives outlined below. See Channing Bete Co., Inc. v. Greenberg, No. 3:19-CV-30032-MGM, 2022 WL 43692, at *11 (D. Mass. Jan. 5, 2022) (citing Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008)).
[2] Plaintiff filed the challenged "Exhibit" on November 12, 2025. [ECF No. 26].

2

**GRANTS** Defendant CleanSky's Motion to Strike, [ECF No. 27] as to Plaintiff's supplemental Exhibit [ECF No. 26]. This decision is based on Plaintiff's stated intent that a subsequent filing, [ECF No. 29], replace the at-issue filing, [ECF No. 26]. In Plaintiff's words, the "Consolidated Opposition to Motion to Strike" and "Federal Supplemental Evidentiary Report . . . replaces the previously disputed Exhibit 26." [ECF No. 29 at 1 (emphasis added)]. Therefore, with Plaintiff's "replacement" filing, the filing Defendant seeks to strike, [ECF No 26], "no longer performs any function in the case" and may be struck. Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003) (observation related to amended pleading, but still applicable here given that Plaintiff's ECF No. 29 contains new factual and legal allegations).

### B. Plaintiff's Motions for Leave to Amend Complaint and Supporting Material

The Court now turns to Plaintiff's various motions for leave to amend her Complaint. On October 17, 2025, Plaintiff filed a Motion for Leave to Amend her Complaint.[3] [ECF No. 23]. Thereafter, on October 29, 2025, Plaintiff filed another Motion to Amend. [ECF No. 25]. On December 3, 2025, Plaintiff filed a third Motion to Amend. [ECF No. 33]. Plaintiff also filed various factual supplements appearing to support these motions. [ECF Nos. 30, 32, 34]. After reviewing these filings with the appropriate degree of leniency afforded to *pro se* litigants, Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), the Court finds that they are not properly before the Court.

These multiple motions and supporting materials all ostensibly address the same request, leave to amend the complaint, and they are not clearly incorporated into a single operative motion. Instead, Plaintiff has filed multiple standalone documents that fail to indicate her requested relief. This has imposed an unworkable burden on the Court's ability to manage the case in an orderly

---

[3] The Court hereafter shortens "Motion for Leave to Amend Complaint" to "Motion to Amend."

and efficient manner. Therefore, the pending Motions to Amend, [ECF Nos. 23, 25, and 33] are **DENIED** without prejudice, and the supporting materials, [ECF Nos 30, 32, 34] are hereby **STRICKEN**. See, e.g., Everett J. Prescott, Inc. v. Beall, No. 1:25-CV-00071, 2025 WL 2085275, at *29 (D. Me. July 24, 2025) (citing In Spite Telecom LLC v. Rosciti Constr. Co. LLC, 747 F. Supp. 3d 270, 285 (D. Mass. 2024) ("The Court . . . has the inherent authority to strike filings pursuant to its power to manage its own docket.")); Geiger v. Z-Ultimate Self Def. Studios LLC, No. 14-CV-00240, 2015 WL 1598092, at *4 n.7 (D. Colo. Apr. 9, 2015) ("[t]he court will not consider any document that was not submitted as an exhibit to the filed motion papers, as they are not properly before the court"); Roman v. Wolf, No. 20-00768, 2020 WL 6107071, at *2 (C.D. Cal. Oct. 9, 2020) ("[t]he Court does not, and cannot [], scour all of the dockets for all of its cases every day to look for random filings"). Because the Court has stricken ECF Nos. 30, 32, 34, Defendant's Motion to Strike, [ECF No. 37], is, in part, **TERMINATED** as **MOOT**.[4]

Plaintiff is permitted to file a new Motion to Amend with the relevant exhibits attached.

### C. Directives Related to Potential Future Efforts to Amend the Complaint

This Order should not be read as dissuading Plaintiff from attempting to amend her Complaint. Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court "enjoys significant latitude in deciding whether to grant leave to amend." U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citations omitted). Grounds for denial include "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party . . . [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Because "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted," Glassman

---

[4] For the reason stated below (infra Section I(D)), Defendant's Motion to Strike [ECF No. 37] is **GRANTED** with respect to ECF No. 31.

4

v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citation omitted), Plaintiff may benefit from reviewing Defendants' pending Motions to Dismiss, [ECF Nos. 8, 17], because they contain arguments that Plaintiff's current Complaint fails to clear the futility hurdle. Plaintiff is hereby cautioned against overlooking arguments that have already been made by Defendants in their pending Motions to Dismiss. [ECF Nos. 8, 17].

If Plaintiff moves to amend her Complaint, Plaintiff must file a single motion for leave to amend containing her new factual assertions and/or legal claims. Plaintiff is strongly encouraged to include a proposed amended complaint containing the new factual assertions and/or legal claims with her motion to facilitate the Court's evaluation of the sufficiency of the proposed amendment(s). See Ortiz v. Inform Diagnostics, Inc., 789 F. Supp. 3d 156, 159 (D. Mass. 2025) (denying motion for leave to amend a complaint as "procedurally deficient" in the absence of a "proposed amended complaint for the Court to consider"); Traincroft, Inc. v. Ins. Co. of the State of Pennsylvania, No. 14-10551, 2014 WL 12796262, at *3 (D. Mass. Sept. 5, 2014) (noting that "it is of course strongly preferable that a party seeking leave to amend include a proposed amended complaint with its motion").

### D. Plaintiff's Motion for Discovery and Request for Production of Documents

Plaintiff filed a Discovery Motion and Request for Production of Documents. [ECF Nos. 31, 41] (together, "discovery requests"). As filed, these discovery requests are improper for multiple reasons.

First, discovery requests are generally shared directly between the parties. They are not filed with the court unless a party is asking the court to resolve a dispute about the requests or responses. See Tang v. City of Framingham, No. 07-11634, 2008 WL 11639188, at *1 (D. Mass. June 19, 2008) ("During [the discovery] process, the parties request of and provide each other information concerning the allegations in the complaint. The requests for discoveries are not filed

with the Court. Except to resolve disputes concerning discovery requests and responses thereto, the Court generally is not involved in discovery."); Stow v. McGrath, No. 17-CV-088-LM, 2018 WL 11579821, at *1 (D.N.H. Mar. 2, 2018) (noting that "discovery requests and responses are communicated between the parties, and neither copies nor notices of the request for or production of discovery materials are to be sent to the court" except in connection with a discovery dispute).

Second, ordinarily, discovery may not be commenced prior to a discovery conference convened pursuant to Federal Rule of Civil Procedure 26(f) without a court order authorizing discovery. Federal Rule of Civil Procedure 26(d) provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Defendant Titan Gas has represented that the scheduling conference has not yet occurred. [ECF No. 46 at 5]. Therefore, discovery is premature.

Accordingly, Defendant's Motion to Strike, [ECF No. 37], Plaintiff's Request for Production of Documents, [ECF No. 31], is **GRANTED** in part as to [ECF No. 31] and Plaintiff's Motion for Discovery [ECF No. 41] is **DENIED**.

### E. Plaintiff's Motion for Leave to File Electronically

The Court next turns to Plaintiff's Motion for Leave to File Electronically, [ECF No. 40], and Defendant's opposition, [ECF No. 45], thereto. The Court **GRANTS** Plaintiff's Motion for Leave to File Electronically, [ECF No. 40]. If Plaintiff fails to comply with the directives contained in this Order, the Local Rules, and the Clerk's instructions for electronic filing, the Court may suspend Plaintiff's electronic filing privileges. Appel v. Goncalves, No. 23-12877-MJJ, 2024 WL 1199633, at *1 (D. Mass. Mar. 20, 2024) ("Should any misuse occur, the Court may vacate its order allowing [Plaintiff] to file electronically, and [Plaintiff] will no longer be allowed to use the CM/ECF system.").

The Court has mailed Plaintiff a copy of the Local Rules and the District's guide for *pro se* litigants.[5] Plaintiff is **ORDERED** to review these resources. Plaintiff's compliance with procedural requirements imposed by the Federal Rules of Civil Procedure and this Court's Local Rules is mandatory. See Ahmed, 118 F.3d at 890 ("pro se status does not insulate a party from complying with procedural and substantive law").

### F. Plaintiff's Motion for a Hearing

Finally, the Court addresses Plaintiff's Motion for a Hearing, [ECF No 44], filed on December 29, 2025. In the Motion, Plaintiff requests to "speak with" the Court regarding "issues" related to her "inheritance" that may be impacted by this case. [Id.] Local Rule 7.1(d) (titled "Request for Hearing") provides that "[a]ny party making or opposing a motion who believes that oral argument may assist the court and wishes to be heard shall include a request for oral argument in a separate paragraph of the motion or opposition." The Court **DENIES** Plaintiff's Motion, [ECF No 44], because it appears that the requested hearing is unrelated to any pending motion and Plaintiff has not provided any authority demonstrating her entitlement to a hearing.

## II.  CONCLUSION

For the reasons explained above, the Court has resolved the motions listed in the table below. Plaintiff should be mindful that the Court did not reach the merits of Plaintiff's claims or Defendants' arguments in opposition. For the most part, Plaintiff's motions were denied because of procedural deficiencies and the administrative burden caused by multiple filings lacking a clear request for relief. Should Plaintiff want to amend her Complaint, she is encouraged to file one single motion that includes a proposed amended complaint detailing all the changes.

---

[5] These resources are also available electronically here https://www.mad.uscourts.gov/general/prose-litigants.htm and here https://www.mad.uscourts.gov/general/pdf/local-rules/Combined%20Local%20Rules.pdf

In accordance with the foregoing, the Court hereby **ORDERS**:

| ECF No. | Motion | Disposition |
| --- | --- | --- |
| 23 | Plaintiff's Motion for Leave to Amend Complaint | **DENIED** |
| 25 | Plaintiff's Motion for Leave to Amend Complaint | **DENIED** |
| 27 | Defendant CleanSky's Motion to Strike | **GRANTED** |
| 33 | Plaintiff's Motion for Leave to Amend | **DENIED** |
| 37 | Defendant CleanSky's Motion to Strike | **GRANTED** in part as to [ECF No. 31] |
| 40 | Plaintiff's Motion for Leave to File Electronically | **GRANTED** |
| 41 | Plaintiff's Motion for Discovery | **DENIED** |
| 44 | Plaintiff's Motion for Hearing | **DENIED** |

Additionally, Plaintiff is **ORDERED** to review the Local Rules and the District's guide for *pro se* litigants.

**SO ORDERED.**

Dated: January 12, 2026                                  */s/ Margaret R. Guzman*
                                                         Margaret R. Guzman
                                                         United States District Judge