**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ELAINE IVANOWSKI, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 25-cv-40114-MRG |
| VIV AUTO PILOT, CLEANSKY ENERGY | ) |
| A/K/A TITAN GAS LLC, VIVIANA | ) |
| ENERGY, GLORIA GLAUDIN, and TITAN | ) |
| ENERGY – NEW ENGLAND INC., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |
| | ) |

### ORDER RE: MOTION FOR LEAVE TO AMEND THE COMPLAINT [ECF No. 58] AND MOTIONS TO DISMISS [ECF Nos. 8 & 17]

**GUZMAN, J.**

Plaintiff Elaine Ivanowski brings this action *pro se* against Defendants Viv Auto Pilot, CleanSky Energy a/k/a Titan Gas LLC ("CleanSky"), Viviana Energy, Gloria Glaudin, and Titan Energy – New England Inc. ("Titan Energy") (collectively, "Defendants"),[1] alleging various state and federal law violations stemming from the allegedly "unauthorized enrollment [of Plaintiff] into utility programs." [Compl. at 3, ECF No. 1-1]. Construed liberally, the Complaint appears to assert claims under Chapter 93A, common-law fraud, various federal and state criminal statutes, and the federal Racketeer Influenced and Corrupt Organizations Act. None are adequately pleaded. For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Leave to Amend the

---

[1] Because service does not appear to have been properly effectuated on Defendants Viviana Energy and Gloria Glaudin within 90 days, the Court *sua sponte* dismisses the action without prejudice as to those Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Complaint[2] [ECF No. 58] and **GRANTS** Defendants' Motions to Dismiss, dismissing certain claims with prejudice and the remaining claims without prejudice. [ECF Nos. 8 & 17].

## I.    BACKGROUND

### A.  Factual Allegations

The following facts are taken from Plaintiff's Complaint, the factual allegations of which are assumed to be true when considering a motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014) (citing A.G. ex rel. Maddoc v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013)). The Court has also considered "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice." Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (alteration in original) (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)). Because Plaintiff is proceeding *pro se*, the Court holds her pleadings "to less demanding standards than those drafted by lawyers and endeavors, within reasonable limits, to guard against the loss of *pro se* claims due to technical defects." Santiago v. Action for Bos. Cmty. Dev., Inc., No. 17-cv-12249, 2018 WL 5635014, at *2 (D. Mass. Oct. 31, 2018) (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)). Although the facts as pled are, at times, difficult to understand, the Court construes them as follows:

Plaintiff alleges that, "after initiat[ing] utility services with National Grid," between March 2018 and July 2024, Defendants enrolled her into utility programs without her consent and charged

---

[2] In the Court's January 12, 2026 Order, the Court instructed Plaintiff that, if she were to move to amend her complaint, she "must file a single motion for leave to amend containing her new factual assertions and/or legal claims," and was strongly encouraged to include a proposed amended complaint in her filing. [ECF No. 51 at 5]. Ultimately, Plaintiff did not file a motion for leave to amend her complaint and instead only filed a proposed amended complaint. [ECF No. 58]. The Court Clerk modified the ECF event type from "Amended Complaint" to "Motion to Amend Complaint" and provided notice that parties should construe ECF No. 58 as the Plaintiff's Motion for Leave to Amend the Complaint.

her for services that she did not sign up for, resulting in improper charges totaling $316,000. [Compl. ¶¶ 9–13]. These alleged programs, Plaintiff contends, include the "Low Income R-2 program," "Distributed Solar Charge program," "Renewable Energy Charge program," "Electric Vehicle Charge" program, "Energy Efficiency Charge" program, "Transmission Charge" program, and "Transition Charge" program. [Id. at 14]. Plaintiff asserts that she sent Defendants a demand letter pursuant to Mass. G.L. c. 93A on March 2, 2025, and that Defendants "failed to provide a fair settlement within 30 days." [Id. at 5, ¶ 14; see also id. at 22–25 (photocopies of letters)]. Plaintiff brings this action to redress this alleged wrongdoing.

### B.  Procedural History

The Complaint, originally filed in Worcester Superior Court on July 25, 2025, was removed to this Court on August 15, 2025. [ECF No. 1 ¶ 1]. Defendants Titan Energy and CleanSky filed separate motions to dismiss for failure to state a claim. [ECF Nos. 8 & 17]. Prior to ruling on the Defendants' motions to dismiss, and after denying various of Plaintiff's motions ostensibly seeking to amend her complaint, [ECF Nos. 23, 25, and 33], the Court invited Plaintiff to file a renewed motion for leave to amend her Complaint. [ECF No. 51]. In inviting Plaintiff to do so, the Court noted that "Plaintiff may benefit from reviewing Defendants' pending Motions to Dismiss, [ECF Nos. 8, 17], because they contain arguments that Plaintiff's *current* Complaint fails to clear the futility hurdle." [Id. at 5]. The Court then mailed Plaintiff copies of the Local Rules and District's *pro se* guide and ordered Plaintiff to review both resources, instructing that "Plaintiff's compliance with procedural requirements imposed by the Federal Rules of Civil Procedure and this Court's Local Rules is mandatory" and "*pro se* status does not insulate a party from complying with procedural and substantive law." [Id. at 7 (internal quotation marks and citations removed)].

3

## II.     LEGAL STANDARDS

### A. Motion to Dismiss

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true, construe those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 7 (1st Cir. 2011)). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations omitted) (citing Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679).

Here, the Court construes the complaint liberally because it was filed *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). A *pro se* litigant's filings are to be "liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Therefore, a *pro se* complaint, "however inartfully pleaded," must be held to a "less stringent standard than formal pleadings drafted by lawyers." Id. (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, "[t]his is not to say that *pro se* plaintiffs

4

are not required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980) (citation and footnote omitted).

### B.  Rule 9(b) Standard for Pleading Allegations of Fraud

Additionally, claims that "sound[] in fraud must satisfy the requirements of the heightened pleading standard" of Rule 9(b) "regardless of what label the pleader assigns to it." Declude, Inc. v. Perry, 593 F. Supp. 2d 290, 297 (D. Mass. 2008). Rule 9(b) provides: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, the standard "is satisfied by an averment 'of the who, what, where, and when of the allegedly false or fraudulent representation.'" Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 15 (1st Cir. 2004) (quoting Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004)). "The other elements of fraud, such as intent and knowledge, may be averred in general terms." Id. However, the complaint must "also identify[ ] the basis for inferring scienter" by setting forth "specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 13 (1st Cir. 2009) (quotations and citations omitted). Accordingly, to satisfy Rule 9(b), the complaint must set forth "specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." Id. (quotations and citations omitted).

### C.  Leave to Amend

Under Rule 15(a)(2), leave to amend a complaint shall be "freely give[n] . . . when justice so requires." Courts have discretion to deny leave to amend for several reasons, including "futility of amendment." U.S. ex rel. Gagne v. Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "'Futility' means that the complaint, as amended, would fail to

state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citations omitted). The Court reviews a proposed amended complaint for futility under the "standard [that] applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (citing Glassman, 90 F.3d at 623).

## III.   DISCUSSION

### A.   Massachusetts Consumer Protection Statute, Mass. Gen. Laws ch. 93A

Plaintiff brings a claim under Massachusetts General Laws Chapter 93A ("Chapter 93A") against Defendants for allegedly enrolling her into energy programs without her consent and charging her more than $300,000. [Compl. ¶¶ 10–15]. "To state a claim under [Chapter 93A], a plaintiff must allege facts sufficient to establish four elements: first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce;'[3] third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury." Rafferty v. Merck & Co., 92 N.E.3d 1205, 1222 (Mass. 2018) (citing first Mass. Gen. Laws ch. 93A § 2; and then Herman v. Admit One Ticket Agency LLC, 912 N.E.2d 450 (Mass. 2009)).

To determine whether a business practice is unfair under Chapter 93A, courts must consider: "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical,

---

[3] Mass. Gen. Laws ch. 93A § 1(b) defines "trade" and "commerce" as including:

> "advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real, personal or mixed, any security as defined in subparagraph (k) of section four hundred and one of chapter one hundred and ten A and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth."

oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." PMP Assocs., Inc. v. Globe Newspaper Co., 321 N.E.2d 915, 917–18 (Mass. 1975) (internal quotation marks and citation omitted).

An act or practice is deceptive "'if it possesses a tendency to deceive' and 'if it could reasonably be found to have caused a person to act differently from the way he [or she] otherwise would have acted.'" Walsh v. TelTech Sys., Inc., 821 F.3d 155, 160 (1st Cir. 2016) (quoting Aspinall v. Philip Morris Cos., Inc., 813 N.E.2d 476, 486–87 (Mass. 2004)).

Chapter 93A claims that sound in fraud, like Plaintiff's claim, trigger the heightened Rule 9(b) pleading standard. Distefano v. Bank of Am., N.A., No. CV 25-10272-NMG, 2026 WL 560027, at *2 (D. Mass. Feb. 27, 2026).

Plaintiff has failed to adequately plead a claim under Chapter 93A because she does not allege specific facts supporting the existence of an unfair or deceptive act or practice attributable to any Defendant. Her conclusory assertion that Defendants fraudulently enrolled her in utility services without her consent is insufficient, standing alone, to meet her pleading burden. Plaintiff contends that she has satisfied this burden by "provid[ing] the Court with multiple utility bills." [ECF No. 61 at 1]. But those documents do not plausibly support an inference of any unfair or deceptive act. At most, the bills show that Plaintiff was charged for metered services and enrolled in various programs. They do not identify any false statement, unauthorized enrollment mechanism, deceptive conduct, or other misconduct, nor do they connect any Defendant to the alleged wrongdoing. The billing statements therefore fail to bridge the gap between lawful billing and the conclusory allegation of fraud. See, e.g., Piard v. Murphy, No. 24-CV-40005-MRG, 2025 WL 2778022, at *2 (D. Mass. Sept. 29, 2025) (quoting Iqbal, 556 U.S. at 679) ("Based on the complaint and supporting documents filed . . . [the plaintiff] has only raised an 'inference

7

of . . . the mere possibility of misconduct[,]' which is insufficient to state a claim for relief."); Nowell v. Medtronic Inc., 372 F. Supp. 3d 1166, 1257–58 (D.N.M. 2019), aff'd, No. 19-2073, 2021 WL 4979300 (10th Cir. Oct. 27, 2021) (quoting Iqbal, 556 U.S. at 678) ("conclusory allegations amount to 'naked assertions devoid' of the 'factual enhancement' necessary to bridge the gap between possible and plausible"); Brown v. Carrington Mortg. Servs., No. 3:25-CV-50 (SVN), 2025 WL 2783593, at *11 (D. Conn. Sept. 30, 2025) (citing Rolon v. Henneman, 517 F.3d 140, 149 (2d Cir. 2008)) ("Although [Plaintiff] alleges that [the billing] statements were untrue, Plaintiff alleges no non-conclusory facts to support the conclusion that such statements were untrue or that [Defendant] knew that such statements were untrue. Instead, Plaintiff relies on bald assertions and legal conclusions that [Defendant] knowingly overbilled him, which do not suffice to withstand a motion to dismiss, particularly under Rule 9(b)'s heightened pleading standard.").

Plaintiff further fails to allege the role of each Defendant in the purported scheme, instead referring to Defendants collectively without differentiation. [Compl. ¶ 15]. Such undifferentiated allegations are insufficient to state a claim. See, e.g., Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally"); Burnham v. Dudley Dist. Ct., No. 15-cv-40031-DHH, 2015 WL 5698418, at *5 (D. Mass. Sept. 28, 2015) (citing Atuahene v. Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)) ("[When] a plaintiff brings a claim against multiple defendants, the plaintiff must . . . draft [their] complaint in such a manner that it is clear what the alleged factual allegations and legal claims are against each individual defendant" and they "cannot simply refer to the

defendants collectively where it cannot be reasonabl[y] inferred that all the defendants engaged in the alleged misconduct.").[4]

Accordingly, the Complaint does not satisfy Rule 8(a)'s plausibility requirement and also fails to meet the heightened pleading standard of Rule 9(b), which requires a plaintiff to plead the circumstances of the alleged fraud with particularity.[5]

Accordingly, the Court **GRANTS** Defendants' motions to dismiss the Chapter 93A claim without prejudice.

### B. Allegations of Identity Theft and Racketeering in Massachusetts

Plaintiff alleges that Defendants committed "identity theft" and that Defendants "may have forged [her] signature or identity to falsify renewable energy application forms" and "may have

---

[4] Although the Court does not decide the motion on this ground, it is unclear whether Plaintiff complied with the Chapter 93A demand letter requirement. Mass. Gen. Laws ch. 93A, § 9(3). A plaintiff's failure to send a proper demand letter is fatal to a Chapter 93A claim, and the letter must be received by the defendant and must identify the specific allegedly unfair or deceptive conduct at issue. See Jones v. Bank of N.Y., 542 F. Supp. 3d 44, 57 (D. Mass. 2021); Smith v. Jenkins, 777 F. Supp. 2d 264, 267–68 (D. Mass. 2011); Wagner v. Fed. Home Loan Mortg. Corp., 494 F. Supp. 3d 80, 88 n.8 (D. Mass. 2020). Relief is limited to the conduct described in the demand letter. Schuster v. Harbor, 471 F. Supp. 3d 411, 424–25 (D. Mass. 2020) (quoting Flores v. OneWest Bank, F.S.B., 886 F.3d 160, 167 (1st Cir. 2018)) ("Demand letters must therefore 'set out specifically any activities . . . as to which they seek relief. Separate relief on actions not so mentioned is foreclosed as a matter of law.'"). Here, Plaintiff attaches two purported demand letters, but neither is addressed to a specific defendant, includes a mailing address, or appears complete. [Compl. at 22–25]. The letters differ in content and appear to be missing portions, and there is no indication they were sent or received. [Id.] On this record, the Court cannot reasonably infer that Plaintiff served a valid demand letter on any Defendant. If Plaintiff amends her Complaint, she should address this.

[5] See Distefano, 2026 WL 560027, at *2 (dismissing Chapter 93A claim sounding in fraud for insufficient factual allegations); Brown, 2025 WL 2783593, at *11 (citing Rolon, 517 F.3d at 149) ("Although he alleges that [the] statements were untrue, Plaintiff alleges no non-conclusory facts to support the conclusion that such statements were untrue or that [Defendant] knew that such statements were untrue. Instead, Plaintiff relies [on] bald assertions and legal conclusions that [Defendant] knowingly overbilled him, which do not suffice to withstand a motion to dismiss, particularly under Rule 9(b)'s heightened pleading standard.").

illegally used customers' personal information, forged signatures, and impersonated identities when interfacing with state administrators of renewable energy programs." [Compl. ¶ 16]. Additionally, Plaintiff alleges that Defendants engaged in "racketeering" [Compl. at 7, 17].

There is no private right of action to sue for identity theft. Katz v. Pershing, LLC, 806 F.Supp.2d 452, 458 (D. Mass. 2011), aff'd, 672 F.3d 64 (finding enforcement of Massachusetts consumer protection laws specific to identity theft is restricted to the Massachusetts Attorney General); see also Andrews v. Earl's Restaurants USA Inc., No. 19-CV-817-PB, 2019 WL 6879214, at *2 (D.N.H. Dec. 17, 2019) (finding that the plaintiff's claim failed "because no private right of action for damages exists under either the Massachusetts criminal identity theft statute or its federal law counterpart"). There is also no private right of action or damages for Massachusetts-specific racketeering allegations. Mass. Gen. Laws ch. 271A, § 1 *et seq.*; see also Beychok v. Baffert, No. 3:24-CV-100-CHB, 2024 WL 5112755, at *18 (W.D. Ky. Dec. 13, 2024) (finding that there is "no provision for a civil cause of action or damages" under Mass. Gen. Laws ch. 271A).

In the absence of private rights of action, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's identity theft and state racketeering claims with prejudice.

### C. Allegations of Fraud

Plaintiff alleges that Defendants committed fraud, including "consumer fraud," "tax fraud," "fraudulent enrollments," "making false statements," "civil fraud," "providing false consumer information," "securities fraud," "mortgage or loan fraud," "defrauding the state," "record falsification" or "falsified utility records," "potential tax fraud," "deceptive billing," "fraudulent use of interstate power lines," and violations of "mail/wire fraud statutes." [See Compl. at 3, 5, 9, 11, 16–19, 25]. However, as discussed above with respect to Plaintiff's Chapter 93A

10

claim, Plaintiff does not provide sufficient factual allegations to establish that Defendants engaged in the conduct that she alleges amounts to fraud.[6] Plaintiff does not allege the time, place, or content of any allegedly fraudulent communication, the method by which she was purportedly enrolled, or the identity of any individual or entity who made a misrepresentation. Nor does she allege facts supporting a plausible inference that any Defendant acted with fraudulent intent. Accordingly, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's fraud claims without prejudice.

### D. Allegations of Forgery, Racketeering, Breach of Contract, and other Statutory Claims

Plaintiff further alleges that Defendants committed forgery, unspecified racketeering, Racketeer Influenced and Corrupt Organizations ("RICO") Act violations, breach of contract, and other statutory claims, including violations of utility laws, "licensing rules," "marketing, self-certification processes, and properly documenting scope of work," "renewable energy standards and rebate programs," "emissions standards," "above-market charges and interstate commerce," "reporting/disclosure laws for publicly traded companies," "energy regulatory laws." [Compl. at 16–19, 25]. Plaintiff also alleges Defendants violated the Endangered Species Act, Migratory Bird Treaty Act, Bald and Golden Eagle Protection Act, the Lacy Act, Marine Mammal Protection Act, and Wild Free-Roaming Horses and Burros Act. [Compl. at 19–20]. However, Plaintiff does not provide sufficient factual allegations to establish that Defendants committed any of the alleged violations or misconduct. See Iqbal, 556 U.S. at 678 (holding that complaints be plausible on their face, meaning that the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing Twombly, 550 U.S. at

---

[6] Supra at 8–9.

11

556). Finally, the Complaint does not contain sufficient allegations of mail or wire communications in furtherance of a fraudulent scheme warranting additional discovery under New England Data Services, Inc. v. Becher, 829 F.2d 286 (1st Cir. 1987). Home Orthopedics Corp. v. Rodríguez, 781 F.3d 521, 532 (1st Cir. 2015) (rejecting application of Becher when complaint failed to meet ordinary plausibility standard).

Accordingly, the Court **GRANTS** Defendants' motions to dismiss these remaining claims without prejudice.

### E.  Plaintiff's Motion for Leave to Amend

Plaintiff's motion for leave to amend [ECF No. 58] is denied because her proposed pleading fails to cure any of the defects outlined above. Mann v. Chase Manhattan Mortg. Corp., 316 F.3d 1, 6–7 (1st Cir. 2003) (citing Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5 (1st Cir. 1995) (leave to amend may be denied "as a matter of law, where a proposed amendment would not cure the deficiencies in the original complaint"). Although the present motion is denied as futile, mindful of her *pro se* status, Plaintiff will be granted one final opportunity to file another motion for leave to amend—containing a proposed amended complaint—that addresses the issues discussed above. The proposed amended complaint shall not include the claims dismissed with prejudice.

### IV.    CONCLUSION

In accordance with the foregoing, the Court hereby orders:

- Plaintiff's claims under **Massachusetts General Laws Chapter 93A** are **dismissed without prejudice** because the Complaint fails to plausibly allege any unfair or deceptive act and does not meet the heightened pleading requirements of Rule 9(b).

- Plaintiff's purported state-law claims for **identity theft and racketeering** are **dismissed with prejudice** because no private right of action exists for those claims.

12

- Plaintiff's **fraud-based claims** are **dismissed without prejudice** for failure to plead with particularity, including failure to allege the who, what, when, where, and how of the alleged fraud.

- Plaintiff's remaining claims—including **RICO, breach of contract, forgery, and various statutory violations**—are **dismissed without prejudice** because they are unsupported by sufficient factual allegations.

- The action is also **dismissed without prejudice as to** Defendants Viviana Energy and Gloria Glaudin for failure to effect timely service under Rule 4(m).

- Although the current motion to amend is denied as futile, the Court grants Plaintiff **one final opportunity to file a motion for leave to amend**, accompanied by a proposed amended complaint that cures the deficiencies identified in this Order. Claims dismissed with prejudice may not be reasserted. Plaintiff has thirty days from entry of this order to file a motion for leave to amend, including a proposed amended complaint. Failure to comply with this deadline will result in dismissal.

**SO ORDERED.**

Dated: March 31, 2026

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

13